## Richmond

L. R. T. GARRETT, T/A, ETC., ET AL. v. ANCARROW MARINE, INCORPORATED, ET AL.

April 26, 1971.

Record No. 7402.

Present, All the Justices.

*George B. Little* (*J. Terry Parsley; Browder, Russell, Little and Morris*, on brief), for appellants.

*Charles W. Laughlin* (*Guilford D. Ware; Christian, Barton, Parker, Epps & Brent; Baird, Crenshaw & Ware*, on brief), for appellees.

GORDON, J., delivered the opinion of the court.

L. R. T. Garrett, trading as Garrett and Company ("Garrett"), brought this suit to enforce a mechanic's lien against property on Brander Street in Richmond owned by Newton H. Ancarrow and Josephine Ancarrow. Garrett also sought judgment for $85,464 against Mr. and Mrs. Ancarrow and Ancarrow Marine, Incorporated ("Ancarrow Marine").

Before this suit was brought, Garrett assigned his claim against

Ancarrow Marine to Bank of Powhatan as security for a loan made by the Bank to Garrett. Upon the Bank's petition, the trial court made it a party plaintiff in this suit.

The court referred the cause to a commissioner in chancery, who heard the evidence and reported to the court. Confirming the commissioner's report, the court enforced the mechanic's lien only against Ancarrow Marine's leasehold estate in the Brander Street property and entered a $55,740 judgment against Ancarrow Marine.

Garrett and the Bank appeal, asserting that the court should have enforced the mechanic's lien against the Brander Street property, instead of the leasehold estate, and should have entered judgment against the Ancarrows, as well as against Ancarrow Marine.

Since the evidence amply supports the facts reported by the commissioner in chancery, we will state them in accordance with his findings.

Mr. Ancarrow is the sole stockholder and president of Ancarrow Marine, and Mrs. Ancarrow is its secretary. Ancarrow Marine, a builder and seller of boats, occupies Mr. and Mrs. Ancarrow's Brander Street property under an oral lease. Since 1957, Ancarrow Marine has been insolvent and able to continue in business only because of substantial loans made by Mr. and Mrs. Ancarrow.

Early in 1964, Ancarrow Marine engaged Garrett, a general contractor, to build a travel lift slip and launching ramp on the Brander Street property along the south bank of the James River. Garrett proceeded with the construction and rendered weekly bills to Ancarrow Marine on the basis of cost plus a percentage of cost.

Up to October 10, 1964, Ancarrow Marine paid all amounts owing to Garrett, totaling about $115,000. Although Garrett claimed an additional $85,464 for work done after October 10, 1964, Ancarrow Marine made no further payment, asserting that Garrett had misrepresented the cost of the facility. Garrett filed a mechanic's lien against the Brander Street property and brought this suit against Mr. and Mrs. Ancarrow and Ancarrow Marine to enforce the lien and to recover $85,464.

The documentary evidence shows that Garrett contracted with Ancarrow Marine, not Mr. and Mrs. Ancarrow individually, and Garrett knew that Mr. and Mrs. Ancarrow, not Ancarrow Marine, owned the Brander Street property.

These being the relevant facts, we must reject Garrett's contentions that (1) Mr. and Mrs. Ancarrow contracted on their own behalf with Garrett, (2) Mr. and Mrs. Ancarrow are estopped to

deny that they contracted on their own behalf, and (3) the corporate identity of Ancarrow Marine should be disregarded so as to impose liability upon Mr. and Mrs. Ancarrow.

The contract was in fact between Garrett and Ancarrow Marine. To support estoppel, Garrett relies upon Mr. and Mrs. Ancarrow's silence about the financial condition of Ancarrow Marine. But as pointed out by the commissioner, "[t]here is no evidence whatever to show that either of the Ancarrows were motivated by bad faith or intended to mislead the plaintiff". So estoppel cannot be properly invoked. *Cantrell* v. *Booher*, 201 Va. 649, 654-55, 112 S.E.2d 883, 886-87 (1960). We cannot properly pierce the corporate veil because Mr. and Mrs. Ancarrow did not cause Ancarrow Marine to take any action calculated to defraud or wrong Garrett. *Washington and O.D. Users Ass'n* v. *Washington and O.D. R.R.*, 208 Va. 1, 7, 155 S.E.2d 322, 326 (1967).

By assignments of cross-error, Ancarrow Marine contends that (i) Garrett's fraud in misrepresenting the cost of completing the facility barred any recovery by him, and (ii) Garrett's assignment to the Bank of all accounts receivable from Ancarrow Marine, except for one account for $7,512, bars his recovery on any account other than the excepted account.

We reject both assignments. The evidence supports the commissioner's factual finding that Garrett made no fraudulent misrepresentation. Whether or not an assignor has the right to take action on behalf of an assignee (a point we do not reach), Ancarrow Marine has no right to complain since the assignee-Bank is a party to and is bound by this suit.

*Affirmed.*