## CIRCUIT COURT OF LOUDOUN COUNTY

Becon Services Corp.

v.

Hazel Industrial, Inc.,
and John T. Hazel, Jr.

Case Nos. (Law) 12452 and (Chancery) 14708

BY JUDGE THOMAS D. HORNE

November 2, 1992

The Court will sustain the demurrer of John T. Hazel, Jr., to Counts IV and V of the Amended Motion for Judgment. Not only must the Plaintiff plead that Mr. Hazel acted as the alter ego of Hazel Industrial in order to hold him individually liable for the default of the corporate defendant upon its contract with the plaintiff and any claims of creditors to which it might become subrogated, it must also allege some use of the corporation by Mr. Hazel to "disguise wrongs, obscure fraud, or commit crime." *Cheatle v. Rudd's Swimming Pool Supply*, 234 Va. 207 (1987); *see also, Beale v. Kappa Alpha Order*, 192 Va. 382 (1951); *Garrett v. Ancarrow Marine, Inc.*, 211 Va. 755 (1971).

As noted by counsel for Mr. Hazel, the pleadings would seem to ascribe "fraud" to Mr. Hazel acting individually and not through the corporation. At best, the pleadings are confusing and do not denote in what way Mr. Hazel used the corporate structure to perpetuate a fraud on the plaintiff.

Accordingly, the demurrer will be sustained with plaintiff granted ten days to replead should they be so advised. It should be noted that

an action to "pierce the corporate veil" is equitable in nature and that in the event Counts IV and V are repleaded so as to withstand demurrer, the Court believes it appropriate that the case be transferred to the chancery side of the docket where complete relief may be granted in the case. It would be inappropriate prior to Counts IV and V being repleaded for the Court to determine the appropriateness of an issue out of chancery as to the facts presented by the pleadings.

### March 16, 1993

This case came before the court on the demurrer to the Bill by the individual defendant, John T. Hazel, Jr. Complainant asserts that upon the facts alleged, they are entitled to recover personally against Mr. Hazel for damages arising out of the breach of their contract with the corporate defendant:

Hazel Industrial, Inc., was complainant's electrical subcontractor, retained by Becon in connection with the construction of the Spriggs Road High School in Prince William County, Virginia. Becon, as general contractor for the project, asserts that as a result of the breach by Hazel of its contract with plaintiff, they sustained damage. These damages include both those relating to its contractual relationship with the owner as well as subrogation claims arising out of payments on its bond to various creditors of Hazel Industrial.

They suggest they are entitled to recover against John T. Hazel, Jr., personally upon the doctrine of "piercing the corporate veil." As both counsel have noted in their papers filed in the case, one seeking to hold an individual liable for the debts of a corporation must show not only that the individual exercised undue domination or control over the corporation but that such control was exercised to defraud or wrong the Complainant. *Beale* v. *Kappa Alpha Order*, 192 Va. 382, 396 (1951); *Garrett* v. *Ancarrow Marine, Inc.*, 211 Va. 755, 757 (1971). There must exist a nexus between the wrongful conduct arising out of the domination of the corporation and the damages suffered. *Users Association* v. *Washington & O. D. RR.*, 208 Va. 1, 7 (1967). The Court believes that the reliance of the complainant on the holding in *Cheatle* v. *Rudd's Swimming Pool Supply*, 234 Va. 207 (1987), in support of an opposite position is misplaced.

In ruling upon the instant demurrer, the Court must be guided by the principle that:

[a] demurrer admits the truth of all material facts properly pleaded. Under this rule, the facts admitted are those expressly alleged, those which fairly can be viewed as expressly alleged, and those which may be fairly and justly inferred from the facts alleged.

(Authority omitted.) *Rosillo* v. *Winters*, 235 Va. 268, 270 (1988).

The Court cannot conclude that Complainant has failed to state a cause of action against Mr. Hazel for damages arising out of the breach of its contract with the corporate subcontractor based upon the subcontractor being the "alter ego" or "stooge" of Mr. Hazel and that such damages resulted from the wrongful exercise of control over the corporation by the individual Defendant.

Accordingly, the demurrer will be overruled. Defendant Hazel will be given twenty one days within which to file any additional responsive pleadings.

### July 18, 1994

Counsel for John T. Hazel, Jr., has asked that the Court sanction the corporate Plaintiff and its counsel for their conduct in the pursuit of the instant litigation. § 8.01–271.1, Code of Virginia, as amended. Plaintiff has asserted throughout the course of these proceedings several theories of recovery against John T. Hazel, Jr. These include breach of a guarantee agreement, fraud, and piercing the corporate veil. Plaintiff elected to take a nonsuit with prejudice upon the conclusion of the presentation of Plaintiff's case and after Hazel's Motion to Strike and Dismiss had been denied.

Plaintiff, Becon, was the corporate contractor hired by Prince William County in conjunction with the construction of a high school. Defendant, Hazel Industrial, Inc., was an electrical sub-contractor on the project. In the fall of 1990, Hazel Industrial had fallen behind schedule in its work on the project and was delinquent in its payments to suppliers. As a result of the execution of a surety bond in conjunction with the project, Becon became liable for Hazel Industrial's unpaid debts to its suppliers.

Testimony was elicited at the trial concerning the circumstances under which John T. Hazel, Jr., signed a letter addressed to Mr. C. G. Mumm, Executive Vice President of Becon, and dated October 31, 1990. Plaintiff's witnesses stated that the letter was in response to a

request by Becon for a guarantee by John T. Hazel, Jr., that Hazel Industrial would meet its obligations under its contract with Becon.

The Court has previously determined that the letter of October 31, 1990, was not a guarantee of John T. Hazel, Jr. Evidence elicited by the Plaintiff showed that Becon forbore terminating Hazel Industrial from the job based upon the letter. Becon asserts that as a result of such forbearance, they suffered damages. In the letter, Mr. Hazel makes certain representations concerning his involvement in the affairs of the corporation. These representations and evidence concerning the activities of the corporation both before, and several months after, the transmittal of the letter to Plaintiff, form the basis of the claims of fraud and of piercing the corporate veil.

The evidence of alleged fraud and corporate manipulation is susceptible to a variety of interpretations. These interpretations have been the subject of much argument by counsel.

Pursuant to § 8.01–271.1, Code of Virginia, as amended, the Court is directed to impose sanctions upon those persons found to have been in violation of the statute. That statute provides in pertinent part that:

> Every pleading, written motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name . . . .
>
> The signature of an attorney or party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, ·or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation . . . .
>
> An oral motion made by an attorney or party in any court of the Commonwealth constitutes a representation by him that (i) to the best of his knowledge, information and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (ii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

> If a pleading, motion, or other paper is signed or made in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed the paper or made the motion, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper or making of the motion, including a reasonable attorney's fee.

The fact that the Plaintiff has taken a nonsuit as a matter of right is not a concession by Becon or its counsel that it has asserted a position without reasonably determining it to be well grounded in fact. The underlying policy considerations behind the use of sanctions are related to the protection of parties and the courts. *Oxenham v. Johnson*, 241 Va. 281, 286 (1991).

While the statute does not impose upon a lawyer a duty to update pleadings, it requires that an attorney continue to make a reasonable inquiry each time he files a new pleading, motion, or paper. *Id.* at 287, 288.

This case has come before the court numerous times prior to the trial on the merits. While the Court previously determined on demurrer that the document signed by Mr. Hazel was not, as a matter of law, a guarantee, the Court does not believe that the filing of such a claim was unreasonable or subject to sanction. Likewise, the Court does not find that the pursuit of the remaining claims mandates the relief that Mr. Hazel now seeks.

In the papers filed in connection with the instant motion for sanctions, counsel for Becon have articulated a theory of recovery for each claim which they have asserted and have reasonably demonstrated how they arrived at the conclusions they reached.

Actual fraud consists of a knowing and intentional misrepresentation of a material fact, with the intent to mislead, upon which the Plaintiff relief to its injury. *Nationwide Mutual Ins. Co. v. Hargraves*, 242 Va. 88 (1991). In order for the Plaintiff to prevail on its claim to pierce the corporate veil, it must prove not only that Hazel Industrial, Inc., was the alter ego of Mr. Hazel but that the corporate entity was used by Mr. Hazel to perpetrate a fraud or work an injustice to the Plaintiff. *Beale v. Kappa Alpha Order*, 192 Va. 382 (1951); *Lewis Trucking Corp. v. Commonwealth*, 207 Va. 23 (1966); *O'Hazza v. Executive Credit Corp,*

246 Va. 111 (1991). Contrary to the position taken by Mr. Hazel, the Court believes that counsel for the Plaintiff have articulated a series of inferences gleaned from the record which are neither groundless or without foundation. While contrary inferences may likewise be drawn from the facts as presented, this Court may not sanction counsel or the Plaintiff because such contrary inferences may exist or because they might not prevail on the merits of the cause.

When the Court ruled upon the motion to strike in this case, it was required to consider all inferences which might be drawn from the evidence in a light most favorable to the Plaintiff. *Williams v. Chesapeake Bay Bridge*, 208 Va. 714 (1968). It is not uncommon that a plaintiff, whether in connection with a claim for damages or to pierce the corporate veil, must rely upon inferences. In order to prevail, such inferences must not only be reasonable but convincing. Whether such inferences will justify recovery is not an issue to be decided upon the present motion. It is only the actions of the Plaintiff and of Plaintiff's counsel which bear close scrutiny. Thus, the Court must ask whether a "reasonable inquiry" would have shown the claim to have been one without merit. In this connection, the Court believes the instant case to be distinguishable from *Mutig v. Brant Point Nantucket, Inc.*, 838 F.2d 600 (1st Cir. 1988), relied upon by Mr. Hazel. Had counsel in *Mutig* been asked to articulate the reasonable basis for the continuation of the action against one of the parties, as has been done in this case, it is obvious to the reader of that opinion that such a reply would have been doomed to failure.

In *Mutig*, Judge Breyer observed:

> Counsel has said that he did no more than vigorously pursue his client's interests. He points out that "all litigation, by its nature, is inconvenient and harassing to the parties involved." Rule 11, however, makes clear that counsel also has a potential conflicting obligation to the court, and to the system of justice, to prevent the litigation itself from inflicting needless injury through the assertion of groundless claim or defense, an obligation to do so by making "reasonable inquiry" before making the assertion. *Id.* at 607, 608.

Counsel under § 8.01–271.1, as under the correlative Federal Rule 11, owe an obligation to make a reasonable inquiry to avoid the un-

necessary time and expense of baseless litigation. The Court finds such an inquiry to have been made in this case.

Accordingly, the Court will deny the Motion for Sanctions. Counsel should submit an appropriately endorsed Order granting the nonsuit and dismissal of the cause, with prejudice, as to Mr. Hazel. The Motion for Sanctions will be denied and the matter removed from the docket and placed among the ended causes.