# CIRCUIT COURT OF THE CITY OF RICHMOND

William A. Berry

v.

Janet J. Clark

Case No. LA-2375-1

BY JUDGE MELVIN R. HUGHES, JR.

March 1, 1996

This action arises out of a dispute concerning a painting with an illuminating lamp among items appraised by plaintiff, Berry, and listed for sale at an estate auction. The parties appeared by counsel on February 7, 1996, for argument on defendant's Demurrer and plaintiff's Demurrer to the defendant's counterclaim. After argument, the court took the matter under advisement.

The facts taken from the plaintiff's Motion for Judgment and the defendant's counterclaim can be summarized as follows. The court will take these facts as given for purposes of a decision on the demurrers because the question for this purpose is whether the allegations state causes of action. *Duggin v. Adams*, 234 Va. 221 (1987).

An executor of an estate engaged plaintiff, an antiques dealer, to advertise and set up an auction sale of household and personal items of the estate. The sale was accomplished by allowing members of the public to come and propose bids for purchase of the various items. Among the items for sale was a painting with an illuminating lamp. After most of the items had been disposed of, plaintiff allowed anyone interested in any remaining items to place their bids in a box with the understanding that if any such bids were

2

accepted, the bidder would be notified later. Defendant placed her bid in the amount of $108.00 for the painting and lamp but did not hear anything afterwards. Thereafter, plaintiff placed his own bid for the items, which the estate representative accepted, and the items were turned over to him. The sale took place December 2-4, 1994.

Later, while visiting plaintiff's antique shop, defendant saw the lamp, remembered it from the estate sale and complained to plaintiff stating it was unfair that he as auctioneer had been allowed a bid without her knowledge and without an opportunity to bid in competition.

Defendant wrote a letter to plaintiff wherein she stated that plaintiff must have come into possession of the painting under "questionable circumstances." The letter further stated that plaintiff's acquisition of the painting involved issues of "ethics, conflicts of interest ... integrity and not the least legality." Defendant in her letter threatened plaintiff with legal action claiming plaintiff had no legal right to the painting and lamp. Plaintiff read the letter in the presence of his wife.

In June 1995, defendant instituted an action in detinue in the Richmond General District Court against plaintiff. After several continuances the case was removed to Circuit Court. Later, it was found that the case was improperly removed and the case was sent for trial back in the General District Court. While the pleadings mention that after taking evidence the court asked for briefs, taking the matter under advisement, there is no mention of the outcome of the proceedings in General District Court.[1] In the meantime plaintiff filed the present action seeking damages based on counts of defamation and insulting words and abuse of process. He claims $35,000 in compensatory damages and $10,000 in punitive damages. Defendant's counterclaim seeks the recovery of $75,000 compensatory damages and $25,000 punitive damages based on counts of abuse of process, intentional infliction of emotional distress, constructive fraud and conversion and unjust enrichment.

Defendant demurs to plaintiff's claims of defamation, insulting words, and abuse of process. The law is well settled in Virginia that an action for defamation can proceed only if there has been a publication. *Thalhimer v. Shaw*, 156 Va. 863, 871, 159 S.E. 87 (1931). Moreover, the defamatory publication must be to a third party and intended to be heard and understood by that person. *Id.* In this matter, it is alleged and admitted that the letter was addressed and mailed to the defendant. Defendant alleged no other form of publication except that he read the letter in the presence of his spouse. In fact, the Motion for Judgment does not allege that the viewing by the wife

---

[1] Counsel advised at the hearing the case was later nonsuited.

constituted a publication. Because of this deficiency according to law, the demurrer regarding the defamation claim is sustained.

Plaintiff's Motion for Judgment also avers that the letter contained insulting words under § 8.01-45. The court finds that the pleading does not satisfy the statutory requirements because the words used do not tend to incite violence or breach of the peace. See *O'Neil v. Edmonds*, 157 F. Supp. 649 (E.D. Va. 1958). Therefore, the demurrer will be sustained as to Count I.

Count II of the Motion for Judgment claims abuse of process by defendant Clark. Plaintiff avers that Clark pursued her warrant in detinue in the General District Court with ulterior motives and improper and irregular use of such proceedings.

"Abuse of process involves the wrongful use of process after it has been issued. The essential elements are (1) the existence of an ulterior purpose; and (2) an act in the use of the process not proper in the regular prosecution of the proceedings." *Triangle Auto Auction v. Cash*, 238 Va. 183, 184 (1989) (citations omitted); see also *Donohoe Construction v. Mount Vernon Assoc.*, 235 Va. 531, 540 (1988). While whether plaintiff has sufficiently pleaded the existence of an ulterior motive is open to question, the plaintiff has failed to allege any wrongful act in the use of the warrant in detinue occurring after the original pleadings were filed. See *Ely v. Whitlock*, 238 Va. 670 (1989). Therefore, the pleading fails to state a cause of action upon which relief can be granted. Defendant's demurrer as to Count II will also be sustained.

### Plaintiff's Demurrer

As mentioned defendant Clark filed a Counterclaim to Plaintiff's Motion for Judgment alleging (1) abuse of process, (2) intentional infliction of emotional distress, (3) constructive fraud, and (4) conversion and unjust enrichment. She maintains that Berry violated the law by bidding on the items in an auction for which he had control and responsibility.

There are several reasons why the plaintiff's demurrer to the counterclaim should be sustained. Defendant avers that plaintiff instituted the Motion for Judgment to scare her off, to make her forego the warrant in the General District Court. However, Clark makes no further allegations concerning an improper use of the process once the complaint was filed. Clark also asserts that the attempted removal of the warrant to the Circuit Court constituted an abuse of process. This allegation too has no accompanying statement that the use of this procedure was improper for purposes of an abuse of process cause of action for reasons previously mentioned. The demurrer is sustained as to this Count.

4

In Count II, defendant Clark alleges that plaintiff intentionally or negligently caused her severe distress by filing the Motion for Judgment in reckless disregard to the defendant's reaction. However, the court is not required to accept such conclusory allegations without more. *Russo v. White*, 241 Va. 23, 28, 400 S.E.2d 160 (1991), citing *Ruth v. Fletcher*, 237 Va. 366, 373, 377 S.E.2d 412 (1989). The distress must be so severe that "no reasonable person [should] be expected to endure it." 241 Va. at 27. The pleading fails to allege facts of extreme action, given that the adversarial posture in litigation naturally causes some stress. Therefore the court will sustain the demurrer as to Count II.

Count III accuses Berry of constructive fraud by misrepresenting facts about the estate auction. Constructive fraud requires that: (1) there was a false representation, (2) the hearer believed it, (3) it was meant to be acted upon, (4) it was acted on, and (5) damage resulted. *Nationwide Ins. Co. v. Patterson*, 229 Va. 627, 629, 331 S.E.2d 490, 492 (1988). Defendant Clark declares monetary damage resulted from a breach of plaintiff's legal and equitable duty and his false representation of the terms of the auction. While the court finds that defendant has pleaded the elements of the action, the pleading fails to state facts supporting such claim. Under the facts, defendant Clark could suffer no monetary damage because she was neither charged a fee nor occurred any expenses as a result of the auction. Consequently, the court will sustain the demurrer as to Count III.

Finally, Count IV of the Counterclaim charges conversion and unjust enrichment by plaintiff Berry. There is no cause of action stated as to either of these. An action in conversion can be brought by a property owner who claims that the defendant has exercised dominion and control over the item to the owner's detriment. The pleadings merely assert that defendant Clark placed an offer for the items. That offer was never accepted, so Clark never obtained an ownership interest in the painting. Consequently, no cause of action has been stated.

Moreover, for the same reasons, Clark cannot satisfy any claim based on unjust enrichment because the pleadings do not explain how plaintiff has been unjustly enriched at the expense of defendant, given there is no property interest. As described in the Counterclaim, plaintiff compensated the estate for the painting and thereby owned the painting and lamp. Unjust enrichment does not constitute a cause of action. The demurrer as to Count IV will also be sustained.

March 5, 1996

In my letter dated March 1, 1996, there is no indication of whether the parties can amend. I meant to state that both sides will have leave to amend. This is to be accomplished in this way: plaintiff shall have ten days from March 10, 1996, to file any amended Motion for Judgment, and defendant shall have fifteen days from the time any such amended pleading is received to file any responsive pleading including filing any amended counterclaim.

June 3, 1997

I have read the cases the defendant has advanced in opposition to the plaintiff's demurrer to the counterclaim.

The cases, *Gerald M. Moore & Sons, Inc. v. Drewry*, 251 Va. 277 (1996), and *Allen Realty Corp. v. Holbert*, 227 Va. 441 (1984), both involve claims of negligence. Here, since the claim is for breach of contract, an agent is not liable. According to Michie's Jurisprudence, 1A M.J., *Agency*, § 71 (1993):

> An agent is not in any case liable in an action ex contractu unless the credit has been given to him or he has expressly agreed to be liable .... A duly authorized agent acting in behalf of his principal is not personally responsible on the contract when the third party knows that he acts in the name and on behalf of the principal .... Where the agent contracts for a disclosed principle, credit is extended to the principal, and the benefits of the contract are accepted by the principal, there is no personal liability on the agent.

The allegations in the Second Amended Counterclaim are not sufficient to assert liability on the plaintiff for the foregoing reasons. Plaintiff's demurrer is sustained without leave to amend.

Mr. Thorsen can prepare and submit an order sustaining the demurrer for the foregoing reasons dismissing the claim with prejudice, noting defendant's exceptions.