Present: All the Justices

GERALD M. MOORE AND SON, INCORPORATED

v.   Record No. 951365          OPINION BY JUSTICE ELIZABETH B. LACY
                                          March 1, 1996
JOSEPH S. DREWRY, JR., AND
DREWRY AND ASSOCIATES, INCORPORATED

          UPON A QUESTION OF LAW CERTIFIED BY THE UNITED STATES
                 COURT OF APPEALS FOR THE FOURTH CIRCUIT


          Pursuant to our Rule 5:42, the United States Court of
Appeals for the Fourth Circuit certified a question of Virginia
law to this Court which we accepted by order entered September
22, 1995.  The question involves the application of the economic
loss doctrine to an award of damages for negligent performance of
a contract in the absence of privity.

          The following facts are set forth in the Court of Appeals'
order of certification.  Gerald M. Moore and Son, Inc. (Moore)
owns and operates an industrial plant in Nassawadox, Virginia.
In 1990, Moore entered into a contract with an engineering firm,
Drewry and Associates, Inc. (D&A), to engineer, design, and
furnish a reduction furnace for Moore's use in the process of
thermal remediation of petroleum contaminated soil.  The contract
was signed by Joseph S. Drewry, Jr., as president of D&A.  Drewry
performed all the engineering work required by the contract.

          The reduction furnace provided by D&A did not work properly
because of design and engineering defects.  Moore filed suit
against D&A alleging breach of contract, breach of warranties,
and negligence.  By amended complaint, Moore added Drewry as a
defendant in the negligence count.  D&A was found liable for
breach of contract and both D&A and Drewry were found liable for

negligence.  Moore was awarded damages of $107,182.70, based entirely on its economic loss.  D&A and Drewry were held jointly and severally liable for the judgment amount.

In considering Drewry's appeal, the Court of Appeals certified the following question to us and stated that the resolution of the issue will be determinative of the proceeding in that court:

> Whether Drewry, the president of D&A, as the engineer who performed the work for which the contract between D&A and Moore called, is liable for the purely economic losses resulting from the negligent performance of that contract.

The Court of Appeals also suggested that in answering the question we may need to consider the following issues:

> A.  Does the economic loss doctrine bar recovery for negligence where the defendant, Drewry, was not a party to the contract?
>
> B.  Under Miller v. Quarles, 242 Va. 343, 410 S.E.2d 639 (1991), did Drewry's position as D&A's licensed engineer on the project create a liability for negligent acts performed as an agent for D&A, even though solely economic loss was involved?

Although not specifically stated in the certified question, the issues suggested by the Court of Appeals indicate that Drewry was not a party to the contract between Moore and D&A. Therefore, our response to the certified question assumes that there is no privity between Drewry and Moore.

As recognized by the Court of Appeals, under Virginia law, an agent can be held liable for negligent performance of a contract to which he is not a party, but to which his principal is a party.  Allen Realty Corp. v. Holbert, 227 Va. 441, 450, 318 S.E.2d 592, 597 (1984).  However, even if the agent's negligence

is established, absent privity of contract, Virginia's economic loss doctrine precludes the recovery of damages based on economic loss alone. Sensenbrenner v. Rust, Orling & Neale, 236 Va. 419, 425, 374 S.E.2d 55, 58 (1988); Blake Constr. Co. v. Alley, 233 Va. 31, 34-36, 353 S.E.2d 724, 726-27 (1987).

Our recent case of Miller v. Quarles, 242 Va. 343, 410 S.E.2d 639 (1991), does not alter the privity requirement for recovery of purely economic loss damages in negligence actions. In Miller, Commonwealth Capital Corporation agreed to arrange financing for Colonial Electric Company, Inc. to purchase and develop property. At the request of Fred H. Quarles, a vice-president of Commonwealth Capital, Colonial Electric delivered an escrow deposit to Quarles. Quarles subsequently gave a portion of the deposit, $50,000, to a third party who never secured the financing and absconded with the funds. Assignees of Colonial Electric sued Commonwealth Capital and Quarles individually for breach of contract and negligent performance of the contract. 242 Va. at 344-45, 410 S.E.2d at 640-41.

Quarles was held liable for his negligent performance of the contract between Commonwealth Capital and Colonial Electric. In accepting the escrow deposit, Quarles and Commonwealth Capital assumed a common law duty of reasonable care in safeguarding Colonial Electric's property. Quarles breached this duty when he gave the funds to the third party. Id. at 347, 410 S.E.2d at 641-42. The damages sought and recovered against Quarles, although stated in terms of dollars, reflected the direct loss of specific property, the escrow deposit, not an economic loss

suffered by Colonial Electric.  <u>Miller</u> did not involve recovery of economic loss damages and, therefore, is inapposite to the certified question presented here.

Accordingly, in the absence of privity, a person cannot be held liable for economic loss damages caused by his negligent performance of a contract, and the certified question is answered in the negative.

<u>The certified question is answered in the negative.</u>