## CIRCUIT COURT OF THE CITY OF WINCHESTER

Robert Filbert
and Kimberly Filbert

v.

Joel Stowe Associates, Inc.,
Ronald Miller,
Scott Wolford, et al.

July 8, 1996

Case No. (Law) 95-351

By Judge John E. Wetsel, Jr.

This case came before the Court on the Demurrers of Defendants Miller and Wolford. Upon consideration whereof, the Court has decided to sustain the Demurrer of Defendant Miller and overrule the Demurrer of Defendant Wolford.

### I. *Statement of Material Facts*

The following facts are alleged in the pleadings.

On or about January 11, 1995, the Plaintiffs entered into a contract with the Defendants Dennis to purchase a residence. The Defendants Joel Stowe Associates, Inc., and Trenary were the listing agents of the property. The contract of purchase was contingent upon the Plaintiffs' obtaining a Virginia Housing Development Authority loan (VHDA), and VHDA required that the property be inspected.

The property was inspected, and the property inspector noted that the floors in the house were sagging and recommended a structural inspection by an engineer. Plaintiffs allege that Defendant owners and their realtor then contracted with Defendant Miller to perform repair work on the premises and that Miller performed this repair work negligently.

The Plaintiffs further allege that Defendant Wolford was retained by the Defendant realtors and the owners to inspect the property and to certify to

VHDA that Wolford had performed the repair work, when in fact the work had been performed by Mason, who was not a licensed contractor, and to certify that the house was structurally sound, when it was not, and that these were fraudulent representations which Wolford knowingly made, were relied upon by the Plaintiffs, and were procured by a conspiracy of the realtors, sellers, and Wolford.

"Plaintiffs relied upon the structural inspection and repair work allegedly performed by Scott Wolford . . . and the representations . . . [of the realtors] . . . in deciding to close on the subject property on March 31, 1995." Motion for Judgment, para. 22.

Mason and Wolford have demurred to the Motion for Judgment on the basis that the Plaintiffs contracted with the owners or their agents, the realtors, and not with them; therefore, there is no privity between them and the Plaintiffs.

## II. *Conclusions of Law*

In considering a demurrer, the Court must apply "the settled rule that a demurrer admits the truth of all well-pleaded material facts. All reasonable inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading." *Russo v. White*, 241 Va. 23, 24, 400 S.E.2d 160 (1991), quoting *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373 (1988). In all cases except negligence cases, in ruling on a demurrer, "the court is not bound by . . . conclusory [legal] allegations when the issue involves . . . a mixed question of law and fact." *Russo v. White, supra* at 28. *See also CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 431 S.E.2d 277 (1993).

Plaintiffs were not parties to the contracts between the owners and their agents and Mason and Wolford, so the Plaintiffs may not proceed on a contract action against Mason and Wolford unless the Plaintiffs were the intended beneficiaries of that contract. Va. Code § 55-22. As noted by the Supreme Court of Virginia in *Cobert v. Homeowner's Warranty Corp.*, 239 Va. 460, 466, 391 S.E.2d 263 (1990), quoting with approval *Copenhaver v. Rogers*, 238 Va. 361, 384 S.E.2d 593 (1989):

> In order to proceed on the third-party beneficiary contract theory, the party claiming the benefit must show that the parties to a contract "clearly and definitely intended" to confer a benefit upon him. Thus, Va. Code § 55-22 has no application unless the party against whom liability is asserted has assumed an obligation for the benefit of a third party. Put another way, a party who

> benefits only incidentally from a contract between others cannot sue thereon. The essence of a third-party beneficiary's claim is that others have agreed between themselves to bestow a benefit upon the third party but one of the parties to the agreement fails to uphold his position of the bargain.

In the instant case, there is no allegation that there was an express contract or agreement between the owners, Mason and Wolford by which Mason and Wolford agreed "to bestow a benefit upon the third party," the Plaintiffs, who were only incidentally benefitted by virtue of the contracts between the owners, Mason and Wolford. In *Cobert*, the contract between the defendant builder and the home warranty insurance company expressly provided that the warranty insurer had direct obligations to the purchaser, so the purchaser was the intended beneficiary of the contract.

"[A]s a general rule, there is implied in every contract for work and services a duty to perform it skillfully, carefully, diligently, and in a workmanlike manner. Failure to comply with this implied duty to perform in a skillful and workmanlike manner may not only defeat recovery [under the contract] but may entitle the other party to damages resulting from the unskillful and unworkmanlike performance." 17 Am. Jur. 2d, *Contracts*, § 627. In Virginia a party may be held liable for his negligent performance of his contractual obligations. *Miller v. Quarles*, 242 Va. 343, 344-345, 410 S.E.2d 639 (1991). However, this rule "does not alter the privity requirement for recovery of purely economic loss damages in negligence actions." *Moore & Son v. Drewry*, 251 Va. 277, 467 S.E.2d 811 (1996).

"Traditionally, the general rule has been that no cause of action in tort can arise from the breach of a duty existing by virtue of a contract unless there is between the Defendant and the person injured what is termed 'privity of contract.' That is, a person in an action for negligence, who bases his suit upon the theory of a duty owed to him by the Defendant as the result of the contract, must be a party or privity to the contract; otherwise he fails to establish a duty toward himself on the part of the Defendant, and fails to show any wrong done to himself." 57A Am. Jur. 2d, *Negligence*, § 122. In *City of Richmond v. Branch*, 205 Va. 424, 429, 137 S.E.2d 82 (1964), the Supreme Court of Virginia stated:

> It is the general rule that, "except under peculiar circumstances which do not exist in this case, the independent contractor is not liable for an injury to a person or to property of one not a party to the contract, occurring after the independent contractor has

completed the work and turned it over to the owner or employer, and the same has been accepted by him, though the injury resulted from the contractor's failure to properly perform his contract." [Cites omitted.]

In the *City of Richmond* case, the Plaintiff was injured when the front wheel of his car fell into a hole in a city street which had been caused by the settling of earth over a sewer line which had been laid some months before by the contractor Branch. To mitigate the absolute bar of this rule, most notably in products liability actions, the General Assembly passed Virginia Code § 8.01-222 which abrogates the common law requirement of privity in negligence cases involving "injury to person, including death, or to property . . . ." However, in the instant case, the Plaintiffs are claiming economic losses as a result of the negligent work done upon property which they purchased, not direct injury to their property; therefore, they may not recover against Mason for the negligent work which he performed on the property. *See Ward v. Ernst & Young*, 246 Va. 317 (1993). Therefore, the Demurrer of the contractor Mason will be sustained.

As stated in 37 Am. Jur., *Fraud and Deceit*, § 307:

One who willfully makes false representations which are to be fraudulently used by another as an inducement to a third person to enter into a contract with the person repeating them is as much guilty of deceit as the latter and is equally liable to the party deceived.

The right to recover for fraud or deceit is not restricted to the parties to a transaction, but extends to third parties injured thereby.

*See* also, *Swift & Co. v. Wells*, 201 Va. 213, 219, 110 S.E.2d 203 (1959) (dicta). Accordingly, since the Plaintiffs claim that Defendant Wolford conspired with Defendant realtors to make false representations upon which the Plaintiffs claim they reasonably relied, the Demurrer of Defendant Wolford is overruled.

### III. *Decision*

For the foregoing reasons, it is adjudged and ordered that:

1. The Demurrer of Defendant Ronald Miller is sustained, and the Motion for Judgment is dismissed as to Defendant Miller.

2. The Demurrer of the Defendant Scott Wolford is overruled.