## CIRCUIT COURT OF WESTMORELAND COUNTY

Barry W. Starke et al.

v.

Cardinal Abstract Co.

September 4, 1997

BY JUDGE JOSEPH E. SPRUILL, JR.

We have for consideration motions for summary judgment filed pursuant to Rule 3:18 by both parties to this proceeding. These motions were argued July 9 and were taken under advisement pending submission of supporting memoranda by counsel.

The pleadings, admissions, and the memoranda have now been considered by the Court, which finds no material fact genuinely in dispute as to the issue of liability.

In February, 1993, the plaintiff (referred to herein as Starke) contracted to purchase a parcel of property known as Kinsale Harbour Marina, consisting of real and personal property, in Westmoreland County. Starke retained Allen H. Olson, an attorney, to represent him in closing on the property. Mr. Olson engaged the defendant, Cardinal Abstract Company, to handle the closing. Cardinal examined the title, procured a policy of title insurance from Chicago Title Insurance Company, served as escrow agent in receiving and disbursing the funds, and was paid fees by Starke for the title search and settlement. Following the closing in April, 1993, Starke discovered that the Commonwealth of Virginia in 1934 had been granted an easement fifty feet in width which ran through the subject property, adversely affecting its use and value. This conveyance had not been reported by Cardinal. It is a cloud on the plaintiff's title. Starke initiated this action for damage against Cardinal alleging breach of contract and negligence.

Cardinal argues that Starke's loss, if any, is an economic loss, that privity of contract between Starke and Cardinal is required, and that there is no privity between these parties.

"The controlling policy consideration underlying tort law is the safety of persons and property — the protection of persons and property from losses resulting from injury. The controlling policy consideration underlying the law of contract is the protection of expectations bargained for." *Sensenbrenner v. Rust*, 236 Va. 419 (1988). Applying this standard, Starke's claim is a contract claim and his losses are economic losses. He can prevail only if he can show privity of contract with Cardinal. The court finds that privity does exist between Starke and Cardinal.

When Starke engaged Mr. Olson to represent him, Olson became in the context of this case Starke's agent. An attorney is the agent of his client. *Craddock-Terry Co. v. Powell*, 181 Va. 542, 25 S.E.2d 363 (1943). As agent for the plaintiff, Mr. Olson engaged Cardinal to perform the services necessary for the closing and settlement of this transaction. Cardinal does not deny that it was working for Starke or that it failed to note the 1934 conveyance to the Commonwealth which constituted a defect in Starke's title. This failure was negligence. Cardinal was paid directly by Starke for its services. Cardinal knew that the buyer of the real estate in question was Starke, that Starke was its customer, that Starke was the insured under the title policy, that Starke was paying the policy premium, and that it had been engaged to perform these services by Starke's agent.

Cardinal argues that it was agent for Chicago Title Insurance Company and, since the plaintiffs had brought suit and settled their claim with Chicago Title, plaintiffs are not entitled to further relief. Cardinal may or may not have been an agent of Chicago Title. Chicago Title is not a party to this proceeding and its relationship with defendant should not preclude plaintiffs from maintaining this action. Any settlement with Chicago Title will undoubtedly be a consideration in determining what damages, if any, the plaintiffs may be entitled to in this proceeding.

The Court has studied the recent line of cases addressing the economic loss rule: *Sensenbrenner, id.*; *Copenhaver v. Rogers*, 238 Va. 361 (1989); *West v. Ernst and Young*, 246 Va. 327 (1993); and *Moore v. Drewry*, 251 Va. 277 (1996). In none of these cases was the requisite privity of contract found to exist. Here, however, there was a distinct relationship between the parties. Cardinal certified the title to plaintiff's property, and it was negligent in doing so.

The Court grants the plaintiff's motion for summary judgment on the issue of liability. The defendant's motion for summary judgment as to Count II of the motion of judgment is granted. In other respects it is denied. Plaintiff requests leave to amend its pleadings to increase its ad damnum. This motion is granted.

The defendant argues that consequential damages are not recoverable in this action. Because this issue was not addressed in oral argument or in the plaintiff's memoranda and because it is not an issue presently before the Court, we will defer ruling on this question.