## CIRCUIT COURT OF BEDFORD COUNTY

Lee Powers
and Bobbi Powers

   v.

Hurd Construction Co., Inc.,
George B. Hurd,
and Clarence Hurd

May 20, 1999

Case No. CL98009340-00

BY JUDGE JAMES W. UPDIKE, JR.

The captioned matter came to be heard on March 25, 1999, upon a plea of the statute of limitations, a motion to dismiss, and a demurrer filed by defendants, George B. Hurd and Clarence Hurd.

Counsel requested the opportunity to submit memoranda, and I have now received and reviewed those documents.

Before ruling upon these matters, I carefully reviewed the following decisions of the Supreme Court of Virginia: *Richmond Met. Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 507 S.E.2d 344 (1998); *Moore v. Drewry*, 251 Va. 277, 467 S.E.2d 811 (1996); *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419, 374 S.E.2d 55 (1988); and *Blake Construction Co. v. Alley*, 233 Va. 31, 353 S.E.2d 724 (1987).

Upon application of the principles stated in the above-cited cases, I find plaintiffs' motion for judgment to be essentially a claim of negligent performance of a construction contract. As to plaintiffs' general allegations of intentional acts on the part of defendants, George Hurd and Clarence Hurd, I find these to be allegations of breach of contract. Defendants' duty, as alleged by plaintiffs, arises solely from the contract itself and not from any common law obligation. Moreover, plaintiffs seek recovery of purely economic losses.

I therefore rule plaintiffs' cause of action to be founded in contract, rather than tort.

It is my further understanding that the economic loss rule bars recovery of purely economic losses in a negligence action, absent privity. In this case, plaintiffs concede there is no privity between them and defendants, George B. Hurd and Clarence Hurd.

In addition, plaintiffs' claim against defendants, George B. Hurd and Clarence Hurd, is apparently based upon the doctrine of respondeat superior. According to this doctrine, a master/employer will be vicariously liable for tortious acts committed by his servant/employee if the tortious acts occur within the scope of the employment relationship. I have already ruled plaintiffs' cause of action to be founded in contract, rather than tort, and the doctrine of respondeat superior does not apply to this case.

Concerning the theory of agency from the law of contracts, I find *Moore v. Drewry, supra,* to be instructive. In *Moore,* the plaintiff entered into a contract with the defendant, a corporation, for engineering work. The contract was signed by Joseph S. Drewry, Jr., president of the defendant corporation. Plaintiff sued both the corporation and the president of the corporation for negligence. The United States Court of Appeals for the Fourth Circuit certified to the Supreme Court of Virginia the following question:

> Whether Drewry, the president of D & A, as the engineer who performed the work for which the contract between D & A and Moore called, is liable for the purely economic losses resulting from the negligent performance of that contract.

251 Va. at 279.

When responding to the certified question, the Supreme Court of Virginia stated:

> Although not specifically stated in the certified question, the issues suggested by the Court of Appeals indicate that Drewry was not a party to the contract between Moore and D & A. Therefore, our response to the certified question assumes that there is no privity between Drewry and Moore.
>
> As recognized by the Court of Appeals, under Virginia law, an agent can be held liable for negligent performance of a contract to which he is not a party, but to which his principal is a party ... . However, even if the agent's negligence is established, absent privity

of contract, Virginia's economic loss doctrine precludes the recovery of damages based on economic losses alone.

251 Va. at 279 (citations omitted).

This being a cause of action founded in contract, defendants, George B. Hurd and Clarence Hurd, cannot be held liable, under the circumstances alleged by plaintiffs in their motion for judgment, for breach of a contract to which they were not parties. I therefore sustain the demurrer of defendants, George B. Hurd and Clarence Hurd, and plaintiffs' motion for judgment is dismissed as to those defendants.