# CIRCUIT COURT OF THE CITY OF ROANOKE

Nancy C. Wood

v.

Roger Huff
and Ace Exterminating
Co., Inc.

July 5, 2000

Case No. CL98-854

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff purchaser entered into a contract to buy seller's home. The real estate contract contained a standard termite provision which required seller to provide to purchaser a report from a licensed wood destroying insect control company concerning the presence of, or damage from, wood destroying insects. One of the Defendants is the licensed wood destroying insect control company and the other is the company's employee who actually examined the building at the request of the seller. The inspection report noted visible evidence of prior termite infestation located in the foundation plate of the house. The inspector found that this infestation had previously been treated and that current treatment was not necessary. After probing the affected areas, the inspector also determined that there was no visible evidence of termite damage. Despite conflicting evidence, the Court finds that upon the assurances contained in the inspection report, Plaintiff purchased the real estate. When she took possession of the premises, Plaintiff found that the basement door frame and header had been destroyed by termites. She further argues that the foundation plate was so damaged by insect infestation that it must also be replaced. Plaintiff sued the Defendants for damages claiming to be a third party beneficiary to the contract entered into between the Seller and the Defendants. Plaintiff further claims that the Defendants were negligent in the

performance of their inspection and thereby caused her harm. Defendants argue lack of privity and the economic loss rule. Defendant inspector also defends on a theory of agency. The Court finds for the Plaintiff, but not from both of the Defendants, and not for the full amount of damages requested.

## Third Party Beneficiary

Defendant company knew or should have known when it agreed to inspect the premises and ultimately submitted its report on the inspection, that its actions were in furtherance of a real estate sales agreement. A casual reading of the inspection report discloses that contemplated transaction. Defendant company also knew or should have known that the purchaser would rely on its findings of fact regarding wood destroying insect infestation and damage. The agreement between the seller and the Defendant company was clearly and definitely intended from the outset to provide a direct benefit for Plaintiff purchaser. The purchaser was therefore a third party beneficiary to the inspection agreement, and as contemplated by § 55-22, Code of Virginia (1950), as amended, may enforce those contract rights in an action at law. See *MNC Credit Corp. v. Sickels*, 255 Va. 314, 320 (1998).

## Parties

Defendant inspector is not a party to the contract. He was acting as an agent of the Defendant company, a disclosed principal, in a contract he procured for his principal's benefit. He signed only in his representative capacity. "The agent is never liable unless it appear to have been intended by the parties to the contract that he should be liable . . . ." *Walker v. Christian*, 62 Va. (21 Gratt.) 291 (1871). The written document very clearly explains Defendant inspector's agency. Not having personally entered into the contract, he cannot be held liable for its breach.

## Tort Liability

The only other possibility for judgment to be rendered against Defendant inspector is under the tort theory that "an agent can be held liable for negligent performance of a contract to which he is not a party, but to which his principal is a party. However, even if the agent's negligence is established, absent privity of contract, Virginia's economic loss doctrine precludes the recovery of damages based on economic loss alone." *Gerald M. Moore & Son v. Drewry*, 251 Va. 277 (1996).

Under the facts of this case, there is no allegation of tortious violation of a duty imposed by law which caused injury to Plaintiff's person or property. Instead, Plaintiff claims compensation for economic or monetary losses she suffered because Defendants breached their contractual duty to her. Plaintiff's tort theory of recovery against Defendant inspector, as well as against Defendant company, violates Virginia's economic loss rule and precludes recovery in tort against either of them. See *Sensenbrenner v. Rust, Orling & Neale, Architects*, 236 Va. 419, 425 (1988).

## Breach of Contract

The remaining issue to be resolved is whether or not Defendant company violated a contractual duty it owed to the Plaintiff third party beneficiary. This is a mixed question of law and fact. Clearly the benefit contemplated to be conferred upon Plaintiff by virtue of the contract between seller and Defendant company was that Plaintiff would be told in advance of her purchase, whether or not wood destroying insect damage existed in the house she intended to buy. That way she would have been in a position to back out of the real estate contract, or in the alternative, to reduce the purchase price to cover the necessary repairs. Defendant company breached that duty to her, and thus the contract, by telling her in its report that although there had been prior termite infestation in the foundation plate, they were inactive, had been previously treated, additional treatment was not necessary, and that no visible damage existed. There is no other way to read that report, the disclaimers notwithstanding. If the Court accepted the Defendant's interpretation of the cautionary and self serving language of the preprinted form, the effect and worth of the report would be reduced to a nullity.

Had the inspector for the Defendant company probed around the basement door frame it would have crumbled and revealed termite damaged wood, as it did when Plaintiff touched it with a screwdriver. The argument that the mere report of prior termite activity should have caused Plaintiff to investigate further does not apply in this instance where Defendant company held itself out as an expert, and the Plaintiff was in fact relying upon that expertise. "The presence and activity of termites are, generally, matters upon which the opinions of experts are required; and sometimes even the experts cannot agree." *Horner v. Ahern*, 207 Va. 860, 864 (1967). The same applies to termite damage.

## *Damages*

Plaintiff relied to her detriment on the purchased opinion of an expert concerning termite damage to the home she was planning to, and did in fact purchase. Her loss is measured by the cost to repair the termite damage. The evidence from Plaintiff's construction expert, which the Court accepts, was that 22 feet of the foundation plate or seal board, as well as the basement door frame and header had deteriorated from termite infestation to the point that he was able to pull the wood apart with his hands. The cost of labor and materials to replace the damaged wood amounts to $1,650.00. Judgment for that same $1,650.00, plus costs, will be rendered against Defendant company. Plaintiff will bear her own expert witness and attorney's fees.