John D. CRAWFORD, et al., Plaintiffs,

v.

DEUTSCHE BANK AG,
et al., Defendants.

No. 4:01CV28.

United States District Court,
E.D. Virginia,
Newport News Division.

Feb. 12, 2003.

**616**

Richard H. Matthews, Esquire, Douglas E. Kahle, Esquire, Pender & Coward, PC, Virginia Beach, VA, for Plaintiffs.

James E. Farnham, Esquire, Michael R. Shebelskie, Esquire, Rachel E. Bowman, Esquire, Hunton & Williams, Richmond, VA, for Defendants.

### OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

Before the court is defendant Stanley G. Tobin's motion for judgment on the pleadings, with respect to Count IX, which asserts a claim for gross negligence against all defendants. Tobin argues that Count IX fails to state a claim upon which relief can be granted, as to him, because the economic loss rule bars recovery. The pleadings closed on September 16, 2002, after defendants filed their answers. The matter has been fully briefed and therefore is ripe for review.

### I. Standard of Review

Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A defendant is entitled to judgment on a count if "the plaintiff could prove no set of facts in support of his claim which would entitle him to relief" on that count. *Bruce v. Riddle*, 631 F.2d 272, 273–274 (4th Cir. 1980) (citation omitted). Pursuant to Rule 12(h)(2), the defense of failure to state a

claim can be raised by motion for judgment on the pleadings. *Newport News Indus. v. Dynamic Testing, Inc.*, 130 F.Supp.2d 745, 749 (E.D.Va.2001).

### II. Choice of Law

As a preliminary matter, plaintiffs contend that the choice of law provision in the account contract between plaintiffs and Deutsche Bank Securities Inc. governs this claim. Plaintiffs argue that because the provision is broad enough to encompass any related tort claims, the governing law here is New York law. The court disagrees. The magistrate judge ruled, and this court has upheld, that Tobin was not a party to this contract. As such, he cannot be bound by its terms, no matter how broad the language. Virginia choice of law rules for tort claims direct the court to apply the law of the state in which the injury occurred. *See Lachman v. Penn. Greyhound Lines*, 160 F.2d 496 (4th Cir. 1947). Here, the alleged negligence occurred in Virginia. Therefore, the court will apply Virginia law. This decision does not affect the court's substantive ruling. Both parties agree that New York and Virginia law are identical on the application of the economic loss rule.

### III. Discussion

Virginia law is clear that, absent privity of contract, the economic loss rule prevents a plaintiff from maintaining a negligence action against an individual to recover purely economic losses. *Gerald M. Moore and Son, Inc. v. Drewry*, 251 Va. 277, 467 S.E.2d 811, 813 (1996); *Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.*, 236 Va. 419, 425, 374 S.E.2d 55, 58 (1988); *Blake Constr. Co. v. Alley*, 233 Va. 31, 34, 353 S.E.2d 724, 726 (1987); *see also Beard Plumbing and Heating, Inc. v. Thompson Plastics, Inc.*, 152 F.3d 313, 316 (4th Cir.1998); *Redman v. Brush*

*& Co.,* 111 F.3d 1174, 1183 (4th Cir.1997); *see also Doe v. Irvine Sci. Sales Co.,* 7 F.Supp.2d 737, 742 (E.D.Va.1998). These rulings all reflect the principle that tort law is designed to protect the safety of persons and property, while contract law seeks to protect bargained-for expectations. *Sensenbrenner,* 236 Va. at 425, 374 S.E.2d at 58.

■■■ In this case, there is no question that plaintiffs are not in privity of contract with Tobin. As is evident from the Amended Complaint, the Crawfords entered into a contract with Deutsche Bank Securities Inc. only.[1] The Crawfords' argument that privity exists because Tobin is an agent of Deutsche Bank Securities Inc. is unavailing. Plaintiffs are correct that under Virginia law, an agent can be held liable for negligent performance of a contract to which his principal is a party, but only for damage to the plaintiff's person or property. *Moore,* 251 Va. at 279, 467 S.E.2d at 813. "However, even if the agent's negligence is established, *absent privity of contract,* Virginia's economic loss doctrine precludes the recovery of damages based on economic loss alone." *Id.* (emphasis added). Plaintiffs' citation to *Acordia of Va. Ins. Agency, Inc. v. Genito Glenn, L.P.,* 263 Va. 377, 560 S.E.2d 246 (2002), does not alter this analysis. In *Acordia,* the Supreme Court of Virginia held that when an agent, acting within the scope of his employment, enters into a contract with a third party, the principal becomes a contracting party as well. This situation is entirely different from the case at bar. Here, there is no allegation in the complaint that Deutsche Bank Securities Inc. was acting as *Tobin's* agent in signing the brokerage contract with plaintiffs, thus making Tobin a contracting party. There is simply no question that Tobin is not a party to the contract between Deutsche Bank Securities Inc. and the Crawfords. Accordingly, there is no privity between Tobin and the Crawfords.

To escape the privity requirement, the Crawfords argue that Tobin owed them a duty independent of the contract.[2] It appears to this court, however, that plaintiffs' claim in Count IX is entirely one of negligent performance of the account contract resulting in disappointed economic expectations, not breach of some duty *ex contractu.* And Virginia case law is unequivocal that in a negligence action, privity of contract is required in order to recover wholly economic losses. *See Moore,* 251 Va. at 279, 467 S.E.2d at 813.

■■■ There is also no question that the type of losses suffered by the plaintiffs are economic losses. Keeping in mind the controlling policy considerations underlying tort law and the law of contracts, "the damages claimed in a particular case may more readily be classified between claims for injuries to persons or property on one hand and economic losses on the other."

---

1. This court has previously ruled on the issue of whether privity exists between the Crawfords and Tobin. In his Report and Recommendation of October 31, 2002, Magistrate Judge Bradberry granted Tobin summary judgment on the breach of contract claim, specifically ruling that Tobin was not a party to the contract between the plaintiffs and Deutsche Bank Securities Inc. (Mag. Judge Rep. and Recomm. of Oct. 31, 2001 at 34). This court affirmed and adopted that recommendation. (Order of Aug. 30, 2002).

2. To the extent that plaintiffs rely on *City of Richmond v. Madison Mgmt. Grp., Inc.,* 918 F.2d 438 (4th Cir.1990), they are misguided. Plaintiffs argue that *Madison Management* recognizes that the economic loss doctrine does not bar recovery in cases where a breach of an independent duty is alleged. *Madison Management* merely stands for the proposition that the economic loss doctrine does not bar recovery under a fraud theory.

*Sensenbrenner,* 236 Va. at 425, 374 S.E.2d at 58. Here, plaintiffs have alleged nothing more than disappointed economic expectations. They contracted with Deutsche Bank Securities Inc. for a package of financial services. Those services are alleged to have been substandard. Defendants' failure to provide adequate services at the bargained-for level of quality is alleged to have caused the losses. These losses are neither personal nor property injuries; they are instead wholly economic losses.

■ Plaintiffs are not in privity of contract with Tobin, nor have they alleged damage to person or property that would allow them to escape the privity requirement. Thus, the economic loss rule bars their claim for negligence as to Tobin. Because plaintiffs have failed to state a legally cognizable claim for negligence as to Tobin, the court **GRANTS** Tobin's motion for judgment on the pleadings as to Count IX. The Clerk is **DIRECTED** to send a copy of this Order to counsel for all parties.

**IT IS SO ORDERED.**