**MERCURY MALL ASSOCIATES, INC., a Virginia Corporation, Plaintiff,**

**v.**

**NICK'S MARKET, INC., a Virginia Corporation,**

**and**

**FASHION CARE CLEANERS, INC., a Tennessee Corporation,**

**and**

**Stephen GIBSON, trustee in dissolution of Fashion Care Cleaners, Inc.,**

**and**

**Frank GIBSON, trustee in dissolution of Fashion Care Cleaners, Inc. Defendant.**

**No. CIV.A. 4:04CV80.**

United States District Court, E.D. Virginia. Newport News Division.

Feb. 28, 2005.

---

Douglas Edwin Miller, Patten Wornom Hatten & Diamonstein LC, James Harrell Shoemaker, Jr., Patten Wornom Hatten & Diamonstein LC, Newport News, VA, for Mercury Mall Associates, Plaintiff.

Alan Dale Albert, LeClair Ryan PC, Norfolk, VA, for Nick's Markets, Inc., Fashion Care Cleaners, Inc., Frank D. Gibson, Stephen W. Gibson, Defendants.

Brian L. Buniva, LeClair Ryan PC, Richmond, VA, for Nick's Markets, Inc., Defendant.

John Carl Valdivielso, Kaufman & Canoles, Williamsburg, VA, for Fashion Care Cleaners, Inc., Frank D. Gibson, Stephen W. Gibson, Defendants.

### MEMORANDUM OPINION AND ORDER

DOUMAR, District Judge.

On November 3, 2004, this Court issued a Memorandum Opinion and Order granting in part and denying in part a motion to dismiss filed by Defendant Nick's Markets, Inc. *See Mercury Mall Assoc., Inc. v. Nick's Market, Inc.*, 342 F.Supp.2d 515 (E.D.Va.2004). A recent opinion by the United States Supreme Court, *Cooper Industries v. Aviall Services, Inc.*, 543 U.S. ——, 125 S.Ct. 577, 160 L.Ed.2d 548 (2004), has shed new light on a previously unsettled question of law that was pivotal to that decision. Consequently, Defendants have filed a motion for reconsideration and judgment on the pleadings pursuant to Federal Rules of Civil Procedure 54(b) and 12(c). Plaintiff opposes the motion but, in the event that it must be granted, moves for leave to amend its complaint or, in the alternative, requests voluntary dismissal pursuant to Federal Rules of Civil Procedure 15(a) and 41(a)(2). For the reasons that follow, both Defendants' motion for reconsideration and judgment on the pleadings, and Plaintiff's motion for leave to amend or alternatively for voluntary dismissal, are **GRANTED IN PART**, subject to explanation to follow.

### I. FACTUAL AND PROCEDURAL BACKGROUND

#### A. Factual Background

The substantive facts bringing rise to this litigation are adequately set forth in this Court's Memorandum Opinion and Order of November 3, 2004. *See Mercury Mall Assoc., Inc. v. Nick's Market, Inc.*, 342 F.Supp.2d 515, 519–20 (E.D.Va.2004). By way of summary, Plaintiff Mercury Mall Associates ("MMA") is the current fee simple owner of real property in Hampton, Virginia, commonly referred to as the Mercury Mall Parcel (the "Parcel"). At some point in time between 1967 and the present, the Parcel allegedly became contaminated by the spilling, leaking, disposal, and release of Tetrachloroethene, napthas, Stodard solvents, and other hazardous substances. As the present fee simple owner of the Parcel, MMA is considered a potentially responsible party ("PRP") for that environmental contamina-

tion under the federal Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). 42 U.S.C. § 9601, et. seq; see id. § 9607(a) (defining the class of persons potentially liable for environmental contamination under CERCLA). The general basis for the lawsuit is MMA's contention that Defendants Nick's Markets, Inc. ("Nick's") and Fashion Care Cleaners, Inc. ("Fashion Care"), as former owner and leaseholder of the Parcel respectively, are also PRPs and therefore must bear some portion of the costs required to respond to the environmental contamination. MMA further alleges that Defendants Stephen Gibson and Frank Gibson (the "Gibsons") are trustees in dissolution of Fashion Care and, to the extent they received assets from the dissolved corporation, are responsible for Fashion Care's liabilities.

## B. Procedural Posture

The original complaint was filed on June 22, 2004. A first amended complaint containing three counts against each Defendant was subsequently filed on August 6, 2004. Count one of the first amended complaint pled a cost recovery action pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a) (" § 9607(a)"). Count two contained a plea for contribution to environmental contamination response costs pursuant to CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1) (" § 9613(f)(1)"). Count three prayed for a declaration that the Defendants are liable for their proportionate share of all past, present, and future response and related costs that may be incurred due to the Parcel's environmental contamination pursuant to CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2) (" § 9613(g)(2)"), and 28 U.S.C. § 2201. Finally, as damages, the first amended complaint prayed for "each Defendants' proportionate share of all response costs and other costs incurred by the Plaintiff in connection with delineating and remediat-

ing environmental. contamination at the property including the recoverable portion of any attorney's fees." Pl.'s First Am. Compl., Ad Damnum Cl. ¶ 1.

On August 23, 2004, Fashion Care answered the first amended complaint. That same day, the Gibsons filed a motion to dismiss on the ground that Tennessee law, under which Fashion Care was organized and ultimately dissolved, did not afford a creditor of a dissolved corporation a cause of action against trustees in dissolution. In the November 3, 2004 Memorandum Opinion and Order, this Court held that MMA had committed what amounted to a pleading error and granted it fourteen days to amend the complaint to state a viable cause of action against the Gibsons consistent with the constraints of Tennessee law. See Mercury Mall, 342 F.Supp.2d at 521–24. MMA filed a second amended complaint on November 15, 2004, to which the Gibsons have not renewed their objection on Tennessee law grounds.

On August 25, 2004, Nick's filed a motion to dismiss each of the three counts contained in the first amended complaint. First, Nick's contended that MMA could not sustain either an implied contribution suit or a cost recovery action pursuant to § 9607(a) because one PRP cannot sue another PRP under that provision. This Court agreed and accordingly dismissed count one of the first amended complaint. See Mercury Mall, 342 F.Supp.2d at 524–26. Second, Nick's contended that MMA could not bring a suit for contribution towards environmental contamination response costs pursuant to § 9613(f)(1) without first being subject to a cost recovery action under § 9606 or § 9607. This Court disagreed and consequently denied the motion with regard to count two. See id. at 526–30. Third, Nick's argued that MMA's claim for declaratory relief pursuant to § 9613(g)(2) should be dismissed. Dismissal of count three would only have

been appropriate had the Court dismissed both counts one and two. Therefore, Nick's motion to dismiss count three was denied. *See id.* at 530. Finally, Nick's motion to dismiss argued that attorney's fees are not available in CERCLA litigation. While it is the case that attorney's fees are not generally available in cases brought pursuant to CERCLA, the Court held that, in the highly limited circumstance where fees comprise *necessary* environmental cleanup costs, they may be available. *See id.* at 530–31. Nick's motion to dismiss MMA's plea for "the recoverable portion of any attorney's fees" was therefore also denied.

Following this Court's November 3, 2004 Memorandum Opinion and Order, on November 15, 2004, MMA filed a second amended complaint. The second amended complaint alleges the exact same counts against each Defendant. The only substantive change contained in the second amended complaint involves newly alleged facts that state a viable cause of action against the Gibsons as trustees in dissolution of Fashion Care. Additionally, since then the United States Supreme Court decided an issue pivotal to this Court's November 3, 2004 Memorandum Opinion and Order. *See Cooper Indus. v. Aviall Serv., Inc.,* 543 U.S. ——, 125 S.Ct. 577, 160 L.Ed.2d 548 (2004), *hereinafter, Aviall.*

Due to what the Defendants view as redundant pleading, and due further to the Supreme Court's opinion in *Aviall,* Nick's filed a motion for reconsideration and judgment on the pleadings on December 15, 2004. On December 23, 2004, Fashion Care and the Gibsons filed a separate motion for reconsideration and judgment on the pleadings setting forth the same reasons as those contained in Nick's motion. Consequently, these motions are considered together as a single motion. Defendants contend that count one of the second

amended complaint should be dismissed because it merely restates the same theory of recovery that this Court dismissed on November 3, 2004. Defendants further argue that count two should be dismissed based on *Aviall,* in which the Supreme Court held that a cost recovery action is a condition precedent to a suit for contribution under CERCLA. 125 S.Ct. at 584. Finally, Defendants contend that count three should be dismissed because declaratory relief is only available if the controversies alleged in counts one or two remain live. MMA opposes the motion but, in the event that it must be granted, moves this Court to grant it leave to amend its complaint or, in the alternative, requests voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2).

The Court has considered the memoranda of law submitted by the parties and entertained oral argument on February 16, 2005. The motions of both Plaintiff and Defendants are therefore ripe for judicial resolution.

## II. STANDARD OF REVIEW

### A. Motion for Reconsideration and Judgment on the Pleadings

District courts are authorized to revise prior orders "which adjudicate[ ] fewer than all the claims or the rights and liabilities of fewer than all the parties ..." Fed.R.Civ.P. 54(b). Such prior orders are "subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties." *Id.* Accordingly, even "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). Though the pleadings are closed, Rule 12(h)(2) allows a defendant to raise the defense of failure to state a claim upon which relief can be granted. In that case, courts should "apply the standard for a Rule 12(b)(6) motion." *Ed-*

wards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir.1999); see also Newport News Indus. v. Dynamic Testing, Inc., 130 F.Supp.2d 745, 749 (E.D.Va.2001). Thus, to enter judgment on the pleadings, a court "must find beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Id. at 274 (citation omitted); see also Crawford v. Deutsche Bank AG, 244 F.Supp.2d 615, 616 (E.D.Va.2003). "[T]he allegations in the complaint are construed favorably to the plaintiff." Bruce v. Riddle, 631 F.2d 272, 273 (4th Cir.1980).

### B. Motion for Leave to Amend the Complaint or for Voluntary Dismissal

■ Leave to amend a pleading "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Consequently, leave to amend a pleading should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards, 178 F.3d at 242 (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir.1986)). Similarly, a court may grant a plaintiff's motion for voluntary dismissal without prejudice "upon such terms and conditions as the court deems proper." Fed. R. Civ. R. 41(a)(2). "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir.1987) (citations omitted). "In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." Id.

### III. ANALYSIS

### A. Suit for Contribution under § 9613(f)(1)

■ In Aviall, the United States Supreme Court held that § 9613(f)(1) "au-thorizes contribution claims only 'during or following' a civil action under [§ 9606] or [§ 9607(a)]...." Slip op. at 9. It is undisputed that Mercury Mall has not been subject to an independent civil action pursuant to either CERCLA provision. Defendants' motion for reconsideration and judgment on the pleadings with regard to MMA's § 9613(f)(1) contribution suit is therefore well-taken.

■ While MMA does not deny the effect of Aviall on the viability of its § 9613(f)(1) claim, it prays for leave to amend its complaint or, alternatively, requests permission for a voluntary dismissal. Granting leave to amend would be fruitless in this instance since, at present, MMA can allege no facts that would afford it relief under § 9613(f)(1). See Dee–K Enter., Inc. v. Heveafil Sdn. Bhd., 177 F.R.D. 351, 355–56 (E.D.Va.1998) ("An amendment pursuant to Rule 15 that eliminates (or proposes to eliminate) all causes of action against a particular defendant is the same as a motion [for voluntary dismissal] under Rule 41(a)(2) as to that defendant."). However, at some point in the future, a separate cost recovery action might be asserted against MMA, in which case the conditions for a contribution suit set forth in § 9613(f)(1) and Aviall would be satisfied and MMA might be entitled to contribution from the Defendants. Since the Defendants are alleged to be potentially liable parties under CERCLA it is not unduly prejudicial to permit MMA to voluntarily dismiss its claim. Thus, with regard to the § 9613(f)(1) contribution suit, MMA's motion for voluntary dismissal is **GRANTED**. Defendants' motion for reconsideration and judgment on the pleadings is therefore **MOOT** with regard to MMA's § 9613(f)(1) contribution suit. Accordingly, count two of the second amended complaint is **DISMISSED WITHOUT PREJUDICE**.

### B. Implied Suit for Contribution under § 9607(a)

This Court expressly dismissed MMA's implied contribution claim under § 9607(a) of CERCLA in the November 3, 2004 Memorandum Opinion and Order. Section 9607(a) subjects certain persons to liability for the costs of remedying environmental contamination for which they are responsible through what is known as a cost recovery action. *See Mercury Mall,* 342 F.Supp.2d at 525. As this Court previously explained in resolving the original motion to dismiss, since "CERCLA contains an explicit provision for contribution suits, a potentially liable party under CERCLA seeking recovery from another PRP must utilize the means Congress established in § 9613." *Id.* Indeed, the United States Court of Appeals for the Fourth Circuit has made it clear "that § 9613 must be used by parties who are themselves potentially responsible parties." *Pneumo Abex Corp. v. High Point, Thomasville & Denton R.R.,* 142 F.3d 769, 776 (4th Cir.1998) (citations omitted); *see also Bedford Affiliates v. Sills,* 156 F.3d 416, 424 (2d Cir. 1998) (collecting cases from the United States Court of Appeals holding same). Though some federal courts at one time recognized an implied right of action for contribution via § 9607 under the federal common law, the need for such an action was obviated by the addition of § 9613 to CERCLA in 1986. *See Mercury Mall,* 342 F.Supp.2d at 525 (collecting caselaw and legislative history).

MMA contends that the justification for barring an implied right of contribution under § 9607(a) falls out from underneath itself pursuant to the Supreme Court's holding in *Aviall* and urges this Court to allow it to forge ahead with an implied contribution suit. The thrust of MMA's argument is that, since a PRP cannot initiate a contribution suit under § 9613(f)(1) until it has been subject to a cost recovery

action, a PRP that has not been so subject is left without a remedy against other PRPs under CERCLA. MMA correctly points out that the Supreme Court expressly declined to reach the question whether § 9607(a) affords PRPs an implied right of contribution in *Aviall,* 125 S.Ct. at 584.

■ MMA's general argument is well-taken: the combined result of the Supreme Court's opinion in *Aviall* and the Fourth Circuit's holding in *Pneumo Abex* is quixotic. Leaving a PRP that has not been subject to a cost recovery action devoid of any remedy against other PRPs under CERCLA seems to undermine the twin purposes of the statute, which are "to promote prompt and effective cleanup of hazardous waste sites and the sharing of financial responsibility among the parties whose actions created the hazards." *Mercury Mall,* 342 F.Supp.2d at 528 (quotations omitted). Indeed, the present statutory arrangement resulting from the combined authority of *Aviall* and *Pneumo Abex* "compels a responsible party engaged in voluntary remediation to foot the bill for other parties[, which] will have the effect of encouraging responsible parties to rest on their heels and wait for the instigation of adverse proceedings, rather than implement a cost-effective environmental contamination response strategy." *Id.* at 529; *see also id.* at 530 ("[A]s responsible parties bide their time waiting to be sued, the adverse consequences of environmental contamination—to the public health and purse—will mount."). This Court previously emphasized that "[w]hen the law ceases to be logical, it ceases to be law." *Id.* at 530. Nonetheless, when the law is transparent, notwithstanding the logic underpinning it, this Court is duty bound to impose it.

■ In addition, this Court lacks the authority to imply a cause of action where

one does not exist simply to satisfy a policy concern. It is a well-established common law principle, dating back to cases before the King's Bench in the Eighteenth Century, that as between joint tortfeasors or even intentional wrongdoers, there is no *right* to contribution. *See Merryweather v. Nixan,* 8 Term Rep. 186, 101 Eng. Rep. 1337 (K.B.1799); *see also Northwest Airlines, Inc. v. Transport Workers,* 451 U.S. 77, 86 n. 16, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981). Contribution is a creature of statute, not common law. In Virginia, for instance, no right of contribution existed until one was promulgated by the Virginia General Assembly in 1919. *See Carickhoff v. Badger–Northland, Inc.,* 562 F.Supp. 160, 163 n. 2 (W.D.Va.1983) (Michael, J.); *Brooks v. Brown,* 307 F.Supp. 907, 908 (E.D.Va.1969) (Kellum, J.); *see also* Va. Code §§ 8.01–34 and 35.1. Similarly, no federal right to contribution exists unless Congress creates one. Until Congress explicitly creates one, or until the United States Court of Appeals for the Fourth Circuit or the United States Supreme Court unequivocally holds that § 9607(a) implicitly provides for a contribution suit as a matter of *federal* common law, this Court will not unilaterally divine one.

Again, MMA urges this Court to permit it to amend its complaint or voluntarily dismiss its § 9607(a) implied contribution suit. Unlike the § 9613(f)(1) contribution suit, however, under the combined Supreme Court and Fourth Circuit precedent in *Aviall* and *Pneumo Abex,* there are no facts-at present or in the future-under which MMA can bring this claim. Under the law as it stands in this Circuit, a PRP simply cannot sustain a cause of action pursuant to § 9607(a)—for contribution or cost recovery—against another PRP. MMA's only recourse, therefore, is to seek relief from the Court of Appeals. As a consequence, it would be prejudicial to the Defendants to permit MMA to amend its complaint or voluntarily dismiss the claim.

MMA's motion to amend its complaint or for voluntary dismissal is therefore **DENIED** with respect to the implied contribution suit under § 9607(a). Defendants' motion for reconsideration and judgment on the pleadings, on the other hand, is **GRANTED** with regard to MMA's implied contribution suit brought pursuant to § 9607(a). Accordingly, count one of the second amended complaint is **DISMISSED.**

### C. Declaratory Relief

Finally, MMA's second amended complaint prays for declaratory relief pursuant to CERCLA, 42 U.S.C. § 9613(g)(2), and the Declaratory Judgment Act, 28 U.S.C. § 2201.

#### 1. CERCLA

■ CERCLA § 9613(g)(2) instructs courts in a cost recovery action to "enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages." Indeed, "the purpose of [a declaratory relief action under CERCLA] is to ensure that any judgment concerning a party's liability and/or degree of responsibility is enforced in subsequent actions." *Mercury Mall,* 342 F.Supp.2d at 530; *see also Dent v. Beazer Materials & Serv., Inc.* 156 F.3d 523, 531 (4th Cir.1998) ("The purpose of [§ 9613(g)(2)] is, in fact, to require that the court's judgment in the first action have a preclusive effect as to the liability on all successive actions."). Declaratory relief under § 9613(g)(2) is only available in connection with an active cost recovery action. As explained above, a cost recovery action is not viable in this case. Consequently, declaratory relief pursuant to § 9613(g)(2) is unavailable.

#### 2. The Declaratory Judgment Act

■ MMA also requests declaratory relief pursuant to the Declaratory Judgment

Act. 28 U.S.C. § 2201. The Declaratory Judgment Act allows district courts, "[i]n a case of actual controversy within its jurisdiction ... [to] declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Id.* § 2201(a). The Act's "limitation to 'cases of actual controversy,' manifestly has regard to [Article III, section 2 of the federal Constitution] and is operative only in respect to controversies which are such in the constitutional sense." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth,* 300 U.S. 227, 239–40, 57 S.Ct. 461, 81 L.Ed. 617 (1937). Accordingly, the United States Court of Appeals for the Fourth Circuit has imposed a two-pronged test for determining whether the exercise of jurisdiction is appropriate in an action for declaratory relief:

> In essence, for a district court to have jurisdiction to issue a declaratory judgment, two conditions must be satisfied. First, the dispute must be a 'case or controversy' within the confines of Article III of the United States Constitution—the 'constitutional' inquiry. Second, the trial court, in its discretion, must be satisfied that declaratory relief is appropriate—the 'prudential' inquiry.

*White v. Nat'l Union Fire Ins. Co.,* 913 F.2d 165, 167 (4th Cir.1990); *see also Lady Deborah, Inc. v. Ware,* 855 F.Supp. 871, 873 (E.D.Va.1994) ("Before issuing a declaratory judgment, a district court must find that there is a case or controversy and then must find that declaratory relief is appropriate.").

■■■■ To satisfy the constitutional requirement, the controversy must be "definite and concrete, touching the legal relations of the parties having adverse interests." *Haworth,* 300 U.S. at 240–41, 57 S.Ct. 461. Thus, the focus of the constitutional inquiry is "whether the facts alleged, under the circumstances, show that there is a substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941). The prudential inquiry is guided by two considerations: "(1) whether the judgment will 'serve a useful purpose in clarifying the legal relations in issue'; or (2) whether the judgment will 'terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *White,* 913 F.2d at 168 (quoting Nat'l R.RA. Passenger Corp. v. Consol. Rail Corp., 670 F.Supp. 424, 431 (D.D.C.1987)).

Assuming, without deciding, that the instant case is sufficiently live to satisfy the constitutional inquiry, it would serve no useful purpose for this Court to adjudicate the rights of the parties under CERCLA when no cause of action under the statute remains. Until that time where the United States Court of Appeals for the Fourth Circuit, the United States Supreme Court, or Congress determines that a party situated similarly to MMA is entitled to pursue a CERCLA contribution suit, declaring rights would do little to end the controversy or clarify the rights and duties of the parties. In fact, such a declaration would more than likely just cause additional controversy and controversy rather than less. Moreover, to the extent that MMA may have any remedies available under state law, all that a declaration of rights would do is create a factual record to which estoppel might attach. In effect, allowing the declaratory relief action to go forward when there exists no federal remedy would be tantamount to entertaining a state case in federal court. Such an endeavor is both imprudent and inappropriate.

Consequently, Defendants' motion for reconsideration and judgment on the pleadings with regard to MMA's claim for declaratory relief pursuant to both CERCLA and the Declaratory Judgment Act is well-taken. However, in order to preserve MMA's right to seek declaratory relief in the event that facts arise allowing it to replead those portions of this suit not dismissed with prejudice, for the same reasons explained in section I–A of this Memorandum Opinion and Order, MMA's motion for voluntary dismissal is **GRANTED** with respect to its claim for declaratory relief. Defendants' motion for reconsideration and judgment on the pleadings is therefore **MOOT** with respect to MMA's claim for declaratory relief. Accordingly, count three of the second amended complaint is **DISMISSED WITHOUT PREJUDICE.**

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court hereby **ORDERS, ADVISES,** and **DIRECTS** the following:

1) Defendant Nick's Markets, Inc.'s December 15, 2004 Motion for Reconsideration and Judgment on the Pleadings is GRANTED IN PART and MOOT IN PART, subject to the conditions that follow;

2) Defendants Fashion Care, Stephen Gibson, and Frank Gibson's December 23, 2004 Motion for Reconsideration and Judgment on the Pleadings is **GRANTED IN PART** and **MOOT IN PART**, subject to the conditions that follow;

3) Plaintiff Mercury Mall Associates, Inc.'s January 4, 2005 Motion for Leave to Amend its Complaint or in the Alternative for Voluntary Dismissal is **GRANTED IN PART** and **DENIED IN PART**, subject to the conditions that follow;

4) In accordance with the holdings in parts 1 through 3 of this Order, and for the reasons explained in the Memorandum Opinion above, the Clerk of the Court is hereby **DIRECTED** to **CLOSE** this case and dispose of the matter as follows:

a) Count one of the second amended complaint is hereby **DISMISSED WITHOUT PREJUDICE;**

b) **JUDGMENT ON THE PLEADINGS** is hereby granted in favor of the Defendants with respect to count two of the second amended complaint, which is accordingly **DISMISSED;**

c) Count three of the second amended complaint is **DISMISSED WITHOUT PREJUDICE.**

The Clerk of the Court is **DIRECTED** mail a copy of this Memorandum Opinion and Order to all counsel of record and to remove the case from the docket in accordance with the judgment.

**IT IS SO ORDERED.**